ROBERTSON, Presiding Judge.
This is an injunctive relief case.
Bill Salter Advertising, Inc. (BSAI), filed an action in the Escambia County Circuit Court seeking to enjoin the City of Brewton, Alabama, and Peter Diurno, the code enforcement officer for the City of Brewton (City), from enforcing a moratorium on outdoor advertising and billboards, and seeking damages for the City’s alleged wrongful interference with BSAI’s rebuilding of a certain billboard. BSAI sought the injunction on two grounds: (1) that the authorization to construct and operate the billboard in question had already been granted by the City’s Planning Commission before the Brewton City Council adopted the moratorium on outdoor advertising and billboards, and (2) that the moratorium had been discriminatorily enforced by the City Council and/or Peter Diur-no, acting as the code enforcement officer. Following an ore tenus proceeding, the trial court entered a judgment in favor of the City of Brewton and Peter Diurno.
BSAI raises four issues on appeal: (1) whether BSAI was denied equal protection under the Fourteenth Amendment of the United States Constitution and under Article I, §§ 1, 6, and 22 of the Alabama Constitution of 1901; (2) whether the City Council’s November 14, 1989, moratorium on outdoor advertising was a valid ordinance; (3) whether BSAI’s right to due process was violated by the City’s adoption of the moratorium on outdoor advertising; and (4) whether the City discriminatorily enforces the moratorium on outdoor advertising. However, BSAI raised and preserved only one of the above issues at the trial level, whether the moratorium on outdoor advertising and billboards had been discriminatorily enforced by the City against BSAI. Therefore, BSAI’s first, second, and third issues are not properly before this Court. Campbell v. Alabama Power Co., 567 So.2d 1222 (Ala.1990).
It is well-established law in Alabama that the issuance of injunctive relief is within the sound discretion of the trial court. Davis v. *450 Hester, 582 So.2d 588 (Ala.1991). “On an appeal from the denial of injunctive relief, the burden is on the appellant to establish that the trial court abused its discretion in denying its request for such relief; the appellant must show that abuse of discretion by showing that the trial court committed clear and palpable error.” Id. at 540 (citation omitted).
BSAI argues that the City’s moratorium on outdoor advertising and billboards was discriminatorily applied.
The record evidence discloses that the purpose of the moratorium on outdoor advertising and billboards was to give the City time to complete a “sign ordinance” before any new commercial outdoor advertising and billboards could be constructed in the City. The trial court’s order sets out the background and reasons for the moratorium, and its relation to BSAI:
“By letter dated October 5, 1989, [BSAI], through its employee Chig Findley, requested that the Brewton Planning Commission allow [BSAI] to build off-premises signs at six locations within Brewton. Attached to this letter were additional documents showing the location of each sign. [BSAI] wanted to remove the existing sign at location Number 4 next to McDonald’s and construct a more modern sign at this location. A meeting of the Brewton Planning Commission was held on November 7, 1989, and Chig Findley was present at this meeting. Chig Findley presented his request to the Planning Commission and the Planning Commission initially approved four of the six signs, which included the sign in question next to McDonald’s. Before the Planning Commission meeting was adjourned, the commission members had second thoughts regarding their approval of the signs requested by Chig Findley. The City was in the process of creating a new sign ordinance and they were concerned as to whether those new signs would conform to this yet-to-be-adopted sign ordinance. The commission wanted to stop the construction of the signs requested by [BSAI] as well as any other new signs until the new ordinance was in place. The Planning Commission passed a motion recommending that the City Council place a moratorium on all billboards in the city. This motion and request were presented at the next meeting of the Brew-ton City Council on November 14, 1989. At this meeting, the Brewton City Council passed the following motion:
“‘Mayor Jennings presented a request from the City of Brewton Planning Commission concerning outdoor advertisement and [billboards]. The Commission did request a moratorium on any and all outdoor advertisement and [billboards] in the City of Brewton until such time as the South Alabama Regional Planning Commission has [presented] to the City Council and [the City Council has approved] a new sign ordinance. Motion was made by Councilman Huff and seconded by Councilman Johnson. [Passed unanimously].’
“By letter dated November 14, 1989, Pete Diurno informed Chig Findley of the action taken by the City Council. Chig Findley acknowledged receiving this letter prior to the commencement of any work on the sign in question. Over one year later, on December 4, 1990, Chig Findley requested and was issued a permit to repair the sign in question. [The permit would lapse in six months if work had not begun in that time.] The property was surveyed in December of 1990 and at some time vegetation was removed from the property surrounding the sign in question. The actual permitted work was not begun until August of 1991. As soon as Pete Diurno became aware that [BSAI] was constructing a new sign at the location in question, he instructed the workers to cease all work due to the moratorium which had been previously passed by the City Council.”
The record evidence further discloses that the City exempted signs for schools and churches from the moratorium. The record reflects that after the adoption of the moratorium, the Quarterback Club for T.R. Miller High School erected an “activities billboard” for the school and the Brewton Chamber of Commerce erected two 8' x 3' wooden “Welcome to Brewton” signs. BSAI argues that the City unfairly discriminated against it be *451 cause the aforementioned billboard and signs, and a 1987 “Blueberry Festival” sign erected by the Coca-Cola Company, were not required to have a building permit or to comply with the moratorium. However, the record reflects that the sign erected by Coca-Cola predated the moratorium and, therefore, it cannot be taken as an example of a discriminatory practice. Further, the ‘Welcome to Brewton” signs and the High School’s activities billboard were erected for noncommercial purposes and were exempted from the moratorium.
After carefully reviewing the record evidence, we cannot hold that BSAI met its burden of showing that the trial court abused its discretion or committed plain and palpable error in denying BSAI’s request for in-junctive relief and damages. The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.